```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION


BARBARA U. UBEROI,

              Plaintiff,
                                  Case No: 8:16-cv-1821-T-33JSS
v.

JORGE LABARGA, solely in his
capacity as the Chief Justice
of the Florida Supreme Court,

              Defendant.
_____/
```

## ORDER

This matter comes before the Court pursuant to Defendant the Honorable Jorge Labarga Chief Justice of the Florida Supreme Court's Motion to Dismiss (Doc. # 11), which was filed on July 27, 2016. Pro se Plaintiff Barbara Uberoi filed a Response in Opposition to the Motion on August 9, 2016. (Doc. # 13). For the reasons that follow, the Court grants the Motion to the extent that the Court transfers this action to the United States District Court for the Northern District of Florida, Tallahassee Division.

**I.   Background**

Uberoi received the degree of Juris Doctor on May 16, 1998, from Stetson University, College of Law. (Doc. # 1-1 at 2). She executed a Florida Bar application on October 13, 2010, and successfully completed all parts of the Florida Bar Examination.

(Id.). However, during the character and fitness investigation conducted by the Florida Board of Bar Examiners, serious issues emerged. (Id.). After formal and informal hearings, the Florida Board of Bar Examiners issued Findings of Fact, Conclusions of Law, and a Recommendation on February 6, 2013. (Doc. # 1-1). That document described Uberoi's failure to pay her creditors, failure to pay student loans, failure to file federal tax returns, failure to pay state and federal tax obligations, and bankruptcy proceedings. (Id. at 3-4). The Florida Board of Bar Examiners also found that Uberoi and her husband had the financial resources to make scheduled payments under a confirmed bankruptcy plan, but simply refused to do so. (Id. at 4).

The Florida Board of Bar Examiner's report also explained that Uberoi gave false answers in her Florida Bar Application. (Id. at 5). Furthermore, the report stated that Uberoi has mental health issues, including multiple hospitalizations and suicide attempts associated with "major depressive disorder," which may impair her ability to practice law in a competent or professional manner. (Id. at 5-6).

Despite Uberoi's difficulties described above, the Florida Board of Bar Examiners recommended that Uberoi be conditionally admitted to the Florida Bar. (Id. at 14). Uberoi and the Florida Board of Bar Examiners entered into a Consent Agreement

on February 8, 2013. (Doc. # 1-2). In the Consent Agreement, Uberoi agreed to nine conditions "in the event the Supreme Court of Florida should grant a probationary admission to the Florida Bar." (Id. at 1).

However, on October 10, 2013, the Florida Supreme Court issued a decision rejecting the Consent Agreement and denying Uberoi admission into the Florida Bar, specifying:

> [T]his Court disapproves the Board's recommendation for conditional admission. Although Applicant attempted to provide explanations for some of her misconduct, the Bar must not become a haven for those who have clearly violated the law repeatedly and, in addition and further aggravation, provided information that is totally false, misleading, and lacking in candor. Applicant's refusal to repay her financial obligations, willful refusal to comply with state and federal law, and failure to provide full and complete candor in her application for admission call into serious question her judgment and ability to serve as an officer of our courts. Furthermore, we have held on multiple occasions that the failure to timely file or pay income taxes, in particular, merits disbarment or a denial of re-admission to the Bar, and we will not provide an exception here.

(Doc. # 1-3 at 2).

Nonetheless, the Florida Supreme Court granted Uberoi the opportunity to re-apply in three years (or October 10, 2016). (Id. at 3). At this juncture, Uberoi has filed an action against Justice Labargo, solely in his capacity as the Chief Justice of the Florida Supreme Court. (Doc. # 1). Uberoi alleges that the Florida Supreme Court's rules of admission to the

-3-

Florida Bar violate the due process rights of applicants, such as Uberoi, who have been denied admission after entering into consent agreements.

Justice Labarga filed a Motion to Dismiss asserting that the Court lacks subject matter jurisdiction, that the complaint fails to state a cause of action, and that venue is improper. (Doc. # 11). Uberoi has responded. (Doc. # 13).

**II.  Venue**

Venue in cases arising under federal law is governed by 28 U.S.C. § 1391(b), which states in part:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

In addition, 28 U.S.C. § 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Uberoi's Complaint specifies that she sues Justice Labarga "solely" in his capacity as the Chief Justice of the Florida Supreme Court. "Public officials reside in the county in which

they serve for purposes of venue in a suit challenging official acts." Bandjan v. Cameron Cty., No. 412-059, 2012 U.S. Dist. LEXIS 25741, at *2 n.1 (S.D. Ga. Feb. 28, 2012).  The seat of government in Florida is Tallahassee, which is in the Northen District of Florida. Fla. Const. Art. II, § 2.  This is where the offices of the Florida Supreme Court shall be maintained. Id.  Although Uberoi mentions that she took her bar examination in Tampa, Florida, and participated in a hearing with the Florida Board of Bar Examiners in Jacksonville, Florida, this Court is not convinced that the Tampa Division of the Middle District of Florida is the appropriate venue for this action. As pointed out by Justice Labarga, the act Uberoi complains of, the denial of her admission to the Florida Bar, was accomplished by a written decision of the Florida Supreme Court sitting in Tallahassee.  The prospective relief that Uberoi seeks, a formal hearing regarding bar admission, if granted, would take place in Tallahassee, as well.  The Court determines that the Northern District of Florida, Tallahassee Division, is the proper venue for this action.

This Court finds that the interests of justice will be served by a transfer of this case from the Middle District of Florida, Tampa Division, to the Northern District of Florida, Tallahassee Division.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that**:**

1. Defendant the Honorable Jorge Labarga Chief Justice of the Florida Supreme Court's Motion to Dismiss (Doc. # 11) is **GRANTED** to the extent that the Court transfers this action to the United States District Court for the Northern District of Florida, Tallahassee Division.

2. The Clerk is directed to transfer this case to the Northern District of Florida, Tallahassee Division. Thereafter, the instant case shall be closed.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of October, 2016.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE